UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 15-61

LISA A. CRINEL ET AL.                       SECTION "E" (2)

## ORDER AND REASONS ON MOTION

This is a criminal prosecution against 22 defendants for health care fraud conspiracy and additional substantive health fraud offenses. The motion of defendant Shelton Barnes to compel discovery is pending before me. Record Doc. No. 412. Defendant Caren Battaglia was permitted to adopt the motion. Record Doc. Nos. 417, 428. The government filed a written opposition memorandum. Record Doc. No. 445. Oral argument was conducted on January 27, 2016, at which counsel for Barnes and Battiglia both participated. Record Doc. No. 463. Battiglia's attorney did not disagree with any of the concessions and agreements made by Barnes's attorney during the hearing, except in one instance described below, and the court finds that Battiglia adopted the same concessions and agreements.

Having considered the record, including the materials submitted by the government in camera, the applicable law, the written submissions of the parties and the oral representations of counsel during the oral argument hearing,[1] the motion is DENIED,

---

[1] After the hearing, Magistrate Judge North recused himself. The case was thereafter reallotted to me. Record Doc. No. 466. Therefore, I obtained and reviewed an unedited draft transcript of the oral argument hearing.

subject to (a) the agreements resolving some of the dispute reached orally during argument before Magistrate Judge North, and (b) the orders contained herein.

Defendants' motion essentially seeks production from the government of four kinds of materials:  (1) information, almost as if requested in the form of civil interrogatories (including, for example, the definitions of certain common words used in the indictment and the names of unindicted co-conspirators); (2) materials that are allegedly either exculpatory or useful for impeachment purposes under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) (including, for example, any statements and prior testimony of the government's expert witness, Leann Dodson); (3) various materials and tangible items, mostly documents (including, for example, all employment, tax and pay records of all recruiters of Abide Home Care Services, Inc.); and (4) witness statements (including, for example, unredacted FBI 302 forms, or at least <u>un</u>redacted government summaries of FBI 302 forms or of what government counsel has described as confidential, internal FBI "source documents").  Record Doc. No. 412-7; Record Doc. No. 412-3.  The government has already made available for full inspection by defendants and their counsel some 350,000 pages of patient records, accounting records and other documents, and has provided defendants with redacted summaries of FBI 302 forms and other statements.

Government counsel stated at the oral argument that the "source documents" are <u>not</u> records of question and answer sessions, but are records made by FBI Agent Krista

2

Bradford of long conversations with witnesses, which are "more confidential" than an FBI 302. Counsel stated that Agent Bradford is not even allowed to give the source documents to the United States Attorney. Counsel stated that she created the summaries for her own use by taking verbatim statements from the source documents and organizing the statements by topic. Three such summaries, which government counsel described as "possible Brady materials," have been produced to defendants. Defendant's Exhs. A and B, Record Doc. Nos. 412-1, 412-2; draft transcript at pp. 35-38; government's memorandum at pp. 31-32. As ordered, Record Doc. No. 463, government counsel provided the unredacted source documents to the court for in camera review, along with her proposed redactions should the court order her to produce redacted versions in addition to the summaries she had already given to defendants.

Defendants' motion is subject to three interrelated legal standards. First, the government's obligation under Brady and Giglio to produce to defendants all favorable, exculpatory and impeachment materials is so well established and absolute that no description of those obligations is necessary here, other than to note that the United States Supreme Court confirmed them again less than two weeks ago.

> "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, [373 U.S.] at 87 . . . . See also Giglio v. United

      <u>States</u>, 405 U.S. 150, 153-154 . . . (1972) (clarifying that the rule stated in
      <u>Brady</u> applies to evidence undermining witness credibility).

<u>Wearry v. Cain</u>, No. 14-10008, 2016 WL 854158, at *3 (U.S. Mar. 7, 2016).  It is also

self-evident that <u>Brady</u> and/or <u>Giglio</u> items are "material to preparing the defense" under

the Rule 16 standard described below and that the government's obligation to disclose

such materials is absolute.

      It suffices for present purposes to reiterate the importance of the government's

continuing obligation to produce such materials and that the government must comply.

While the government avers generally that it has complied with its <u>Brady</u> and <u>Giglio</u>

obligations, to insure that it will do so, **IT IS ORDERED** that, no later than **July 29,**

**2016**, the government must provide defendants with and file in the record the written

certification of its counsel that all <u>Brady/Giglio</u> materials in its possession, custody or

control have been produced by that date.

      Second, as to any additional materials beyond what <u>Brady</u> and <u>Giglio</u> require the

government to disclose, Rule 16 provides that a defendant in a criminal case may obtain

this kind of discovery only if the requested "item is <u>material</u> to preparing the defense."

Fed. R. Crim. P. 16(a)(1)(E)(i) (emphasis added).  A criminal defendant bears the burden

of showing "some indication that pretrial disclosure of the disputed evidence would have

enabled the defendant significantly to alter the quantum of proof <u>in his favor</u>."  <u>United</u>

<u>States v. Ross</u>, 511 F.2d 757, 763 (5th Cir. 1975) (emphasis added); <u>accord United States</u>

<u>v. Dobbins</u>, 482 F. App'x 35, 41 (6th Cir. 2012); <u>United States v. Caro</u>, 597 F.3d 608,

4

621 (4th Cir. 2010); <u>United States v. Jordan</u>, 316 F.3d 1215, 1251 (11th Cir. 2003). Mere "abstract logical relationship to the issues in the case" is insufficient to require production. <u>Ross</u>, 511 F.2d at 762. Evidence is considered material only "'as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" <u>Caro</u>, 597 F.3d at 621 (quoting <u>United States v. Lloyd</u>, 992 F.2d 348, 351 (D.C. Cir. 1993)); <u>accord</u> <u>United States v. Clingman</u>, 521 F. App'x 386, 392 (6th Cir. 2013); <u>United States v. Gladdis</u>, 877 F.2d 605, 611 (7th Cir. 1989).

Third, "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

A bill of particulars is designed to apprise the defendant of the charges against him with sufficient detail to allow him to prepare his defense. <u>See</u> <u>United States v. Kirkham</u>, 129 [F.] Appx. 61, 71 (5th Cir. 2005) (citing <u>United States v. Montemayor</u>, 703 F.2d 109, 117 (5th Cir. 1983)). A defendant has no right to a bill of particulars. <u>See</u> <u>United States v. Burgin</u>, 621 F.2d 1352, 1359 (5th Cir. 1980). Rather, the motion is addressed to the sound discretion of the district judge. <u>See</u> <u>id.</u> An indictment need not provide the defendant with the evidentiary details by which the government plans to establish his guilt. <u>See</u> <u>United States v. Gordon</u>, 780 F.2d 1165, 1172 (5th Cir. 1986). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." <u>United States v. Moody</u>, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" <u>United States v. Kilrain</u>, 566 F.2d 979, 985 (5th Cir. 1978) (quoting <u>United States v. Perez</u>, 489 F.2d 51, 70-71 (5th Cir. 1973)). Indeed, <u>discovery is not a permissible goal of a bill of particulars</u>. <u>See</u> <u>United States v. Davis</u>, 582 F.2d 947, 951 (5th Cir. 1978).

> An indictment will be deemed adequate if:  (1) it contains the elements of the charged offense; (2) fairly informs the defendant of the charge against him; and (3) ensures there is no risk of future prosecutions for the same offense.  See United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006).

United States v. Little, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (emphasis added).

"It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." United States v. Vasquez, 867 F.2d 872, 874 (5th Cir. 1989); accord Moody, 923 F.2d at 351. "When the information sought by the bill is made available to the defendants in other ways, for example by the use of 'open file' discovery as was done in this case, the district court need not order the bill." United States v. Cruz, 54 F. App'x 413, 2002 WL 31718297, at *1 (5th Cir. 2002) (citing Vasquez, 867 F.2d at 874); accord Kirkham, 129 F. App'x at 72.

"'A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation.  Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation.'" United States v. Gagliardi, 285 F. App'x 11, 20 (3d Cir. 2008) (quoting United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985)); accord United States v. Porter, No. 12-198, 2013 WL 6623906, at *4 (E.D. La. Dec. 16, 2013).

It appears from defendants' memorandum and the draft transcript of the oral argument hearing that most of defendants' disputed requests have been resolved by

defendants' acknowledgment and agreement that responsive materials either have been produced to them, are available for their inspection at the FBI's repository of search warrant materials or will be produced to them as Jencks Act materials by July 29, 2016, pursuant to the court's previously issued scheduling order. Record Doc. No. 468.

Specifically, as to defendants' Requests F(2), F(3) and F(4), Record Doc. No. 412-3 at p. 2, under Rule 16(a), Barnes stated in his memorandum in support of the motion that he

> is satisfied with the government's response, so long as the appropriate boxes or sections of the discovery materials at the FBI will be designated by the agents, so that defendant does not have to inspect each and every box to find these employment records, bearing in mind that the government has estimated that there are 350,000 documents, or pages of documents, in its file, that is subject to discovery, and the government should be ordered to do so.

Record Doc. No. 412-7 at pp. 3, 7, 9. Counsel for Barnes reiterated at the oral argument that he is satisfied that Requests F(2), F(3) and F(4) will be answered by the FBI's materials, as will Requests F(5), F(6), F(7) and F(11)(a) and (b). Draft transcript at pp. 7-12, 22-23. Barnes's attorney also said at the oral argument that he was satisfied that the government did not have a list of unindicted co-conspirators or other participants in the crimes and that the government had either provided defendants with the statements of indicted co-defendants or such statements would be provided pursuant to the court's scheduling order, so that defendants' Requests I, J, K and L under Rule 16(a) are no longer at issue. Draft transcript at pp. 25-28. Finally, counsel for Barnes accepted the

7

oral assurance of government counsel that she would provide defendants with information about prior cases in which Dodson testified and transcripts of Dodson's testimony, to the extent the government already possesses such materials, which would satisfy defendants' Request L under <u>Brady</u>.  Draft transcript at pp. 32-34.

Neither Barnes's nor Battiglia's counsel had reviewed the voluminous materials in the FBI's possession when defendants filed their motions to compel.  Battiglia's attorney still had not done so at the time of the hearing, while Barnes's attorney had just begun his review two days earlier.  Unlike counsel for Barnes, Battiglia's attorney did <u>not</u> concede that open access to the FBI materials is an adequate response by the government to Requests F(11)(a) and (b) as the requests pertain to his client.  Battiglia's counsel characterized her as a low-level, licensed practical nurse who is charged with participation in the overall conspiracy, but with specific acts of fraud only as to one patient.  Counsel argued that Battiglia should not be required to search the vast universe of materials to ascertain the large number of other patients that she saw during the relevant time period, whom the government may try to prove were also subjects of the overall scheme to defraud, in an attempt to prove Battiglia's knowledge of the conspiracy.  Draft transcript at pp. 41-44.

Thus, after eliminating those discovery requests that defendants concede are satisfied, they seek to compel responses to Requests F(1), F(8), F(9), F(10) and N as to both defendants and Requests F(11)(a) and (b) as they pertain to Battiglia only, all

purportedly propounded pursuant to Rule 16(a); and Request A propounded under the bill of particulars category.  Defendants' motions are denied as to all of these outstanding requests because nothing that is sought is material or significantly alters the quantum of proof in defendants' favor.

Despite its vastness, the FBI's materials repository is <u>not</u> a document "dump," but a well-organized and indexed production.  <u>See</u> Record Doc. No. 445 at pp. 2, 4-5 & nn. 2, 5.  The lead FBI agent has been available to answer questions and assist defendants' counsel in reviewing the files when counsel has done so.  <u>Id.</u> at p. 6.  This approach, which the government must continue to follow, is a more than adequate response to all of defendants' requests for tangible items under Rule 16(a), and the government is not required to provide any additional effort beyond this procedure.  The government has made the materials available to defendants' attorneys, and it is their obligation, not the government's, to review and evaluate the materials.

In addition, the government has provided defendants with <u>more</u> materials than it is obligated to produce under <u>Brady/Giglio</u> and/or Rule 16.  The government has given defendants their co-defendants' statements and summaries of the internal and confidential "source document" statements when the government's attorney thinks that the statements may be <u>Brady</u> materials.  The government is providing open file discovery of all materials, except the FBI 302s and the confidential source documents.  Draft transcript

at p. 10.  In these circumstances, the statements and summaries the government has already provided to defendants are sufficient.

As to defendants' purported Rule 16 requests, the following requests are <u>not</u> proper requests under Rule 16(a)(1)(E):  Request F(1) for the government's definitions of "recruit," "recruiter" and "marketer" as used in the indictment; Request F(8) for a list of Abide patients who were eligible for home health services and qualified for home healthcare benefits; Request F(9) for a list of all Abide patients referenced in the indictment who were accepted in other, unrelated home health agencies after treatment at Abide and/or after billing by Abide for services provided to them, and the amounts billed to Medicare by Abide and such other home health agencies for these patients; Request F(10) for a list of the patients certified and/or re-certified by Dr. Barnes that involved nurse practitioner services by Rhonda Maberry; Request F(11)(a) as to Battiglia only, for a list and description of each Medicare beneficiary that the government maintains forms the basis of a fraudulent claim and the relevant Medicare billing records; Request F(11)(b) as to Battiglia only, for the names and addresses of all patients that the government alleges were the subject of unnecessary and/or non-existent services, and/or were not home bound or eligible for home health services; and Request N for a list and description of all federal and state law and regulatory violations the government contends were violated by these defendants or any co-defendant or co-conspirator, unless specified in the indictment.

Rule 16(a)(1)(E) requires the government to permit defendants "to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places."  The rule plainly applies <u>only</u> to discovery of tangible objects. <u>United States v. Ridlehuber</u>, 11 F.3d 516, 525 (5th Cir. 1993) (citing <u>United States v. Martinez-Mercado</u>, 888 F.2d 1484, 1489-90 (5th Cir. 1989)).  While definitions are not tangible objects, defendants can open a dictionary to determine the definitions of the common and easily understood words sought by Request F(1).

Similarly, Request N for a list and description of all federal and state law and regulatory violations the government contends were violated, unless specified in the indictment, is not a request for a tangible document.  While Rule 16(a)(1)(E) does not cover Request N, which is more properly the subject of a request for a bill of particulars, government counsel identified at least one such regulation at oral argument and advised defendants and the court that she would provide additional citations.  The court ordered counsel to confer and to advise the court after that conference whether defendants were satisfied with the response.  Draft transcript at pp. 29-30.  No such advice has yet been received.  Accordingly, IT IS ORDERED that counsel must complete this conference and advise me of its outcome **no later than March 31, 2016**.

Defendants' remaining Rule 16(a) requests would require the government to research the evidentiary materials, compile conclusions and create lists of the requested information, a task which the government's attorney stated at the hearing had not been

done. Draft transcript, at pp. 16, 19-20. Defendants cite no authority, and my research has located none, that Rule 16(a)(1)(E) requires the government to undertake such efforts and make such summaries for defendants' benefit, when defendants have full access to the underlying evidence, and I will <u>not</u> require it.

Defendants' outstanding, purported Rule 16 requests listed above must be construed as requests for a bill of particulars because the requests allegedly seek to inform defendants of the charges with sufficient precision to allow them to prepare a defense, to minimize surprise at trial and to enable them to plead double jeopardy in the event of a later prosecution for the same offense. These requests, as well as defendants' bill of particulars Request A, are time-barred under Fed. R. Crim. P. 7(f) because they were not filed within 14 days after arraignment.

Even if not time-barred, defendants' bill of particulars Request A seeking the time, date and place when and where each act alleged in the indictment was committed, and the place or places where defendant and any co-conspirator joined in each act, Defendant's Exh. C, Record Doc. No. 412-3 at pp. 7-8, exceeds the permissible scope of a bill of particulars. As noted above, an indictment need not provide defendants with the evidentiary details by which the government plans to establish their guilt, and defendants cannot use the bill of particulars to obtain a detailed disclosure of the government's evidence before trial. <u>Gordon</u>, 780 F.2d at 1172; <u>Kilrain</u>, 566 F.2d at 985; <u>Perez</u>, 489

F.2d at 70-71.  Defendants' bill of particulars Request A seeks precisely that prohibited type of information.

In addition, a bill of particulars is not required if defendants are otherwise provided with sufficient information to enable them to prepare their defense and avoid surprise.  These goals are satisfied by the use of open file discovery, as in this case. Cruz, 54 F. App'x 413, 2002 WL 31718297, at *1; Moody, 923 F.2d at 351; Vasquez, 867 F.2d at 874).

For all of the foregoing reasons, defendant's motion is DENIED, subject to the agreements of the parties and the orders contained herein.

New Orleans, Louisiana, this ___16th___ day of March, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SUSIE MORGAN**