UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-61 |
| LISA CRINEL, ET AL. | SECTION: "E" (2) |

## ORDER AND REASONS

After the submission of this case to the jury on May 5, 2017, Defendant Barnes moved for an acquittal with respect to Count 47 of the Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 29.[1] Defendant Barnes argues the Government did not prove beyond a reasonable doubt the jurisdictional element under Count 47, Obstruction of a Federal Audit pursuant to 18 U.S.C. § 1516. The Government objects to Defendant Barnes' Rule 29 motion.[2] For the following reasons, Defendant Barnes' motion for judgment of acquittal as to Count 47 is **DENIED**.

## BACKGROUND

On April 10, 2017, this criminal matter proceeded to a trial by jury with respect to Defendants Shelton Barnes, Henry Evans, Michael Jones, Paula Jones, Gregory Molden and Jonathon Nora. After a trial lasting approximately five weeks, the jury returned verdicts on May 9, 2017.[3] Of importance to Defendant Barnes' motion at issue in this Order, the Jury unanimously found Defendant Shelton Barnes guilty as to Count 47, Obstruction of a Federal Audit, 18 U.S.C. §§ 1516 and 2.

---

[1] R. Doc. 1053. On May 8, 2017, Defendant Barnes filed a memorandum in support of his Rule 29 Motion. R. Doc. 1052.
[2] R. Docs. 1056, 1072.
[3] R. Doc. 1067.

1

# LEGAL STANDARD

I. 18 U.S.C. § 1516

Section 1516 of Title 18 of the United States Code reads:

> Whoever, with intent to deceive or defraud the United States, endeavors to influence, obstruct, or impeded a Federal auditor in the performance of official duties relating to a person, entity, or program receiving in excess of $100,000, directly or indirectly, from the United States in any 1 year period under a contract or subcontract, grant, or cooperative agreement … shall be fined under this title, or imprisoned not more than 5 years, or both.[4]

II. Federal Rule of Criminal Procedure 29

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a challenge to the sufficiency of the evidence to sustain a conviction."[5] When considering the sufficiency of the evidence, the court must determine whether "a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."[6] The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence."[7] "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld."[8] "All

---

[4] 18 U.S.C. § 1516(a).
[5] *United States v. Brown*, No. 2:10-CR-00291, 2012 WL 273163, at *2 (W.D. La. Jan. 26, 2012) (citing *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007)). "A Rule 29 motion for acquittal tests only the sufficiency of the evidence introduced at trial to support the crime charged." *United States v. Age*, No. 11-105-JJB, 2013 WL 3245215, at *1 (M.D. La. June 26, 2013).
[6] *United States v. Miles*, 360 F.3d 472, 476 (5th Cir. 2004). *See also United States v. Age*, 2013 WL 3245215, at *1.
[7] *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995) (citations omitted).
[8] *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). *See also United States v. Mack*, No. 15-61-SDD-SCR, 2016 WL 740280, at *1 (M.D. La. Feb. 24, 2016). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995).

reasonable inferences which tend to support the Government's case must be accepted. Any conflicts in the evidence must be resolved in the Government's favor."[9]

## **LAW AND ANALYSIS**

Defendant Barnes argues that in order to find him guilty of Count 47, the Government must prove beyond a reasonable doubt that *he* received in excess of $100,000 from the government in any one-year period.[10] Barnes argues the Government failed to prove this jurisdictional threshold and that, although the Government may have proven that he received total funds in excess of $100,000 during the six-year period of the indictment, the Government did not prove he received in excess of $100,000 in any one year.[11] Further, Defendant Barnes argues that, even if his interpretation of the statute is not correct, the statute is ambiguous as to the jurisdictional requirement and pursuant to the rule of lenity, his motion must be granted.[12]

The Government argues that Defendant Barnes' interpretation that the statute's jurisdictional figure applies only to the end-recipients of federal funds, not to individuals, entities, or programs, such as Medicare, is incorrect.[13] The Government further argues that to satisfy its burden on the $100,000 jurisdictional element, the United States originally intended to call a witness to introduce business records and contracts showing that Pinnacle Business Solutions, Inc. ("Pinnacle"), a wholly owned subsidiary of Arkansas Blue Cross and Blue Shield ("ABCBS"), was contracted to administer Medicare Part B in Louisiana in 2011.[14] According to the Government, the parties later entered into

---

[9] *United States v. Burns*, 597 F.2d 939, 940–41 (5th Cir. 1979) (citations omitted).
[10] *See* R. Doc. 1052 at 1-2.
[11] *Id.* at 2.
[12] *Id.* at 3.
[13] R. Doc. 1056 at 2.
[14] *Id.* at 1-2 (citing Government Ex. 1202).

3

a stipulation obviating the Government's witness's testimony.[15] The parties stipulated that, "between January 26, 2011, and April 27, 2011, Pinnacle Business Solutions, Inc., was a Federal auditor in the performance of official duties relating to Medicare, a federal program receiving in excess of $100,000, directly or indirectly from the United States in a one-year period under a qualifying contract, subcontract, or agreement."[16]

The joint jury instruction submitted by the Defendants and the Government with respect to Count 47 explained that the Government must prove each of the following elements beyond a reasonable doubt:

> First: That the Defendant endeavored to influence, obstruct or impede a federal auditor in the performance of official duties;
>
> Second: That the auditor's duties related to a person, entity, or program receiving in excess of $100,000 directly or indirectly, from the United States in any one year period under a contract or subcontract, grant, or cooperative agreement, or relating to any audit by Pinnacle Business Solutions, Inc., a federal auditor contracted by Medicare, and
>
> Third: That the Defendant did so with intent to deceive or defraud the United States.[17]

Similarly, other courts have explained the elements needed to support a conviction pursuant to § 1516 as proof of the following beyond a reasonable: 1) that the defendant endeavored to influence, obstruct, or impede a Federal auditor in the performance of official duties; 2) that the Federal auditor was performing official duties related to a person, entity, or program receiving in excess of $100,000, directly or indirectly from the United States in any one year period under a contract or subcontract, grant or cooperative

---

[15] *Id.*
[16] *Id.* at 2 (quoting Ct. Ex. 13).
[17] R. Doc. 1066 at 35.

agreement; and 3) that the defendant did so with the intent to deceive or defraud the United States.[18]

"The starting point in discerning congressional intent is the existing statutory text[]."[19] When faced with a question of statutory construction, the Court "must first determine whether the statutory text is plain and unambiguous," and, "[i]f it is, [the Court] must apply the statute according to its terms."[20] Further, a statute is not ambiguous unless its text is "susceptible to more than one reasonable interpretation or more than one accepted meaning."[21] With respect to the jurisdictional element of § 1516(a), the Court finds the only reasonable interpretation is that the Government must prove that $100,000 was received in any one year period by the program being audited, Medicare, and not by the defendant accused of obstructing the federal audit. Under Defendant Barnes' interpretation, the amount of money received by an alleged violator would be the limiting criterion and prosecution of a person who obstructed a federal audit, but received less than $100,000 from the United States in any one year period would not be possible under the statute. Defendant Barnes has not provided, nor is the Court aware of, any court that has endorsed his interpretation. The Court finds Defendant Barnes' interpretation is unreasonable.

The only reasonable interpretation of § 1516 is that $100,000 must be received in any one year period by the program being audited, in this case, Medicare, and not by the defendant accused of obstructing the federal audit. The Government introduced sufficient

---

[18] *See United States v. DesFosses*, 2011 WL 4104702, at *4 (D. Idaho Sept. 13, 2011) (citing *United States v. Hymer*, 2011 WL 672069, at *1 (S.D.W. Va. Feb. 14, 2011)).
[19] *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).
[20] *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009).
[21] *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 519 (5th Cir. 2004) (internal citation and quotation omitted).

evidence to sustain Defendant Barnes' conviction under Count 47 of the Second Superseding Indictment.

## **CONCLUSION**

For the foregoing reasons;

**IT IS ORDERED** that Defendant Barnes' Federal Rule of Criminal Procedure 29 Motion with respect to Count 47 is **DENIED**.

**New Orleans, Louisiana, this 19th day of May, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**